UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PATRICK HENNEBERRY,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF NEWARK, et al.,<br><br>    Defendants. | Case No. 13-cv-05238-MEJ<br><br>**ORDER RE: MOTION TO CONTINUE AND REOPEN DISCOVERY**<br><br>Re: Dkt. No. 144 |

Plaintiff John Patrick Henneberry moves the Court to modify its previous scheduling order by extending the current trial schedule at least 90 days and reopening discovery. *See* Mot., Dkt. No. 144. Plaintiff argues that facts alleged in an anonymous email sent to his then-counsel on April 6, 2017 warrant the reopening of discovery in this 2013 action, to allow Plaintiff to depose "approximately six Newark Police Officers." *See id.* at 3. Defendant filed an Opposition. Opp'n, Dkt. No. 145. Pursuant to Civil Local Rule 7-3(c), any reply was due November 29, 2017; as of the date of this Order, Plaintiff has not filed a reply (*see* Dkt.). The Court finds the matter suitable for disposition without oral argument and accordingly VACATES the December 14, 2017 hearing. *See* Fed. R. Civ. P. 78; Civ. L.R. 7-1(b).

Pretrial scheduling orders "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension . . . the focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end." *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation marks omitted).

Plaintiff does not show good cause for reopening discovery to depose six officers about

events that took place in April 2013. *See* Am. Compl. ¶ 1, Dkt. No. 66. Discovery closed in December 2016. *See* Dkt. No. 84. The anonymous email Plaintiff attaches to his Motion was received by Plaintiff's counsel on April 6, 2017, while counsel was still representing Plaintiff. The Court granted Counsel's motion to withdraw as Plaintiff's attorney more than two months later, on June 14, 2017. Dkt. No. 116. Counsel forwarded the email to Plaintiff on June 26, 2017. *Id.* Counsel did not seek to reopen discovery at any point based on the email. Plaintiff is deemed to have notice of the email and is bound by his counsel's litigation strategy. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 (1962) (In "our system of representative litigation, . . . each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney" (internal quotation marks omitted)). Moreover, Plaintiff waited more than four months after his counsel forwarded the email (and almost five months after the Court granted counsel's motion to withdraw) to reopen discovery based on this anonymous email.[1] *See* Mot. (filed Nov. 8, 2017). Because of this delay, the Court cannot find Plaintiff acted diligently.[2] Plaintiff therefore cannot show good cause exists to modify the scheduling order to reopen discovery to depose these officers almost one year after discovery closed. Plaintiff's Motion to Reopen Discovery is DENIED.

Nevertheless, because Plaintiff is proceeding pro se, and because his lawyer conducted such minimal discovery, the Court ORDERS Defendant to produce any existing cell phone

---

[1] Plaintiff represents he "did not begin investigating the identity of the sender of the anonymous email until October 2017 because he believed it was a criminal matter and therefore did not want to compromise any criminal investigation." Mot. at 2. He offers no basis, factual or legal, for his belief he could not bring this information to this Court because he had forwarded the email to the FBI and the California Attorney General.

[2] The anonymous email names several Newark Police Department Officers and accuses them of wrongdoing in connection with Plaintiff's arrest and incarceration at Santa Rita County Jail. While he was represented by counsel, Plaintiff failed to conduct any significant discovery: he deposed Defendant Fredstrom and former defendant Ashley, but he failed to depose any other Newark Police Department Officers—including former defendant Lawson, or any of the other officers involved in Plaintiff's arrest or incarceration that day. Plaintiff cannot demonstrate that he could not have discovered the facts alleged in the anonymous email previously when he did not even attempt to depose the officers involved in his arrest or transport to Santa Rita. For this additional reason, the Court cannot find Plaintiff was diligent.

records for Lawson, Arguello, and Heckman on the day of Plaintiff's arrest, as well as any dispatch logs and records documenting or constituting radio traffic from that day. *See* Mot. at ECF pp. 5-6 (alleging these officers spoke via cellphone on that day, and that violation of Plaintiff's rights was "intentional and malicious and can be proved by cell records and radio traffic on the day of Henneberry's arrest."). Defendants shall produce these records, if any, within 30 days. If Defendants cannot produce these documents, a person knowledgeable about the Department's document retention policies and the search for these particular documents instead shall file a declaration indicating the cellphone service provider for Newark Police Officers at the time (if known), explaining Defendants' efforts to search for the documents, and explaining the reasons why the documents no longer exist. Similarly, if certain records exist but Defendants contend it would not be proportional to produce them (e.g., restoring archival backup tapes of radio traffic would be extremely costly), they shall explain their position in sufficient detail to allow the Court to evaluate the merits of the argument. *See* Fed. R. Civ. P. 26(b)(1).

Plaintiff requested a 90 day extension of time to depose six police officers. *See* Mot. at 3. Because the Court denies that request, it also DENIES his request for an extension. If Defendants produce records pursuant to this Order, and if Plaintiff believes the records support the allegations of the anonymous email, he may make an offer of proof and apply to reopen discovery on that basis, and for an extension of time. Plaintiff also may renew his application for an extension of time on the ground he is still seeking counsel, or needs additional time to prepare for trial because he is representing himself in this action.

**IT IS SO ORDERED.**

Dated: December 6, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge

3