# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PATRICK HENNEBERRY, <br> Plaintiff, <br> v. <br> CITY OF NEWARK, et al., <br> Defendants. | Case No. 13-cv-05238-MEJ <br><br> **ORDER RE: MOTION TO COMPEL FURTHER DISCOVERY; CONTINUING SCHEDULE** <br><br> Re: Dkt. No. 156 |

The Court ordered Defendant City of Newark to produce records for the period including April 18, 2013 for the cellphones the City provided to Commander Renny Lawson, Captain Jonathan Arguello, and Officer Anthony Heckman. Order, Dkt. No. 148. In response to that Order, the City provided invoices for the cellphones it provided to Lawson and Arguello; the City did not provide Officer Anthony Heckman a cell phone during this period. Loth Aff. ¶ 5, Dkt. No. 150. The Court invited Plaintiff to make an offer of proof and apply to reopen discovery if Defendants produced cellphone or dispatch records that supported the allegations of the anonymous email. Order at 4.

Instead of demonstrating that the cellphone records he already received support the allegations of the anonymous email, Plaintiff now moves to compel the City to provide cellphone records for Defendant Karl Fredstrom, as well as the personal cellphones used by Lawson, Arguello, and Heckman during the same time period. Mot., Dkt. No. 156. Plaintiff asks the Court to order the production of these additional records because it is his belief the officers used personally-owned cellphones to communicate on the day of his arrest rather than the phones issued by the City. *Id.* at 3-4. Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and hereby

VACATES the February 22, 2018 hearing. The Court DENIES IN PART Plaintiff's Motion to Compel.

Plaintiff deposed Defendant Fredstrom, but did not depose any of the other officers involved on the day of Plaintiff's arrest. Order at 2 n.2; *see also* Opp'n, Dkt. No. 158. The Court previously granted Plaintiff limited discovery regarding radio traffic as well as cellphone records for Lawson, Arguello, and Heckman because "Plaintiff is proceeding pro se, and because his lawyer conducted such minimal discovery[.]" Order at 2. The Court did not previously order the City to produce cellphone records for Fredstrom because Plaintiff had had the opportunity to obtain documents from him and deposed him in person. Plaintiff's counsel did not move to reopen discovery when she received the anonymous email, and Plaintiff does not show good cause to reopen discovery as to Fredstrom at this point. *See id.* (finding Plaintiff was not diligent in seeking to reopen discovery and that there was not good cause to do so).

As the Court previously explained, the anonymous email also does not constitute good cause to reopen discovery more than a year after it closed. *See id*. Once again, Plaintiff has failed to show he diligently sought to modify the scheduling order upon learning of the anonymous email. Plaintiff was represented by counsel when she received the email, and he is bound by the litigation decisions of his counsel.

Despite this record, and without being ordered by the Court to do so, Arguello, Fredstrom, Heckman, and Lawson each reviewed his personal records and contacted his cellphone service provider to request phone records for April 18, 2013. *See* Fredstrom Decl., Dkt. No. 158-1; Lawson Decl.; Heckman Decl., Dkt. No. 158-3; Arguello Decl., Dkt. No. 158-4. These records will be delivered to them within one to two weeks. *See id.* (all). Since Defendants already have incurred the burden of obtaining the records, and since they do not categorically deny that they may have use their personal cellphones to conduct police business on the day of Plaintiff's arrest, the Court ORDERS the following: Fredstrom shall provide his phone records to Defendants' counsel as soon as practicable after receiving them; if the records indicate calls were made on April 18, 2013, as soon as practicable, counsel shall submit the relevant records to the Court in camera, with a list of the personal and official cellphone numbers used by Lawson, Heckman, and

1  Arguello at the time. Heckman and Arguello were never named as defendants in this action, and
2  Lawson was dismissed from the action on April 26, 2017. *See* Docket. The Court cannot compel
3  these individuals to produce their private phone records. The Court shall review the records and,
4  if they establish that Fredstrom communicated with Arguello, Lawson or Heckman, it shall order
5  the records produced in redacted form so as to preserve the personal information of these law
6  enforcement officers. If the records indicate no calls were made on April 18, 2013, Counsel for
7  Defendants shall file a declaration so indicating.

The Court previously denied Plaintiff's request for a 90-day extension, but invited "Plaintiff . . . [to] renew his application for an extension of time on the ground he is still seeking counsel, or needs additional time to prepare for trial because he is representing himself in this action." Order at 3. Plaintiff again requests an extension of time, but does not specify the basis for his request. Plaintiff's request for an extension of time is once again denied, without prejudice. This case is presently scheduled for an initial pretrial conference on March 29, 2018, a final pretrial conference on April 26, 2018, and trial on May 8, 2018. *See* Am. Case Management Sched. Order, Dkt. No. 142. Plaintiff must comply with all applicable deadlines and requirements articulated in the Amended Case Management Scheduling Order. Plaintiff may meet and confer with counsel for Defendants to seek a stipulated extension of the pretrial scheduling order, or may renew his request to this Court on the ground he is still seeking counsel or needs additional time to prepare for trial because he is representing himself in this action.

**IT IS SO ORDERED.**

Dated: February 12, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge