UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PATRICK HENNEBERRY,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF NEWARK, et al.,<br><br>    Defendants. | Case No. 13-cv-05238-TSH<br><br>**ORDER RE: MOTIONS IN LIMINE**<br>Re: Dkt. Nos. 173-76, 178, 183, 199 |

Pending before the Court are the parties' motions in limine.[1] ECF Nos. 173-76, 178, 183. On October 25, 2018, the Court held a pretrial conference in this matter, at which time it heard oral argument on the motions. After carefully considering the parties' arguments and the relevant legal authority, the Court rules as follows.

**A.  Plaintiff's Motion to Exclude Expert Witness Jared Zwickey (ECF No. 183)**

Plaintiff John Patrick Henneberry ("Plaintiff") seeks to exclude Defendants City of Newark and Karl Fredstrom's ("Defendants") expert witness, Jared Zwickey. Defendants oppose the motion on both procedural and substantive grounds. ECF No. 184.

As a preliminary matter, on October 13, 2017, the Court issued an Amended Case Management Order establishing March 8, 2018 as the deadline by which all motions in limine must be filed.[2] ECF No. 142. As Plaintiff did not file his motion until March 15, 2018,

---

[1] The background of this case is detailed in the Court's April 26, 2017 Order re: Motion for Summary Judgment. ECF No. 98.
[2] The October 13, 2017 order was issued by Magistrate Judge Maria-Elena James, who retired on August 31, 2018, after which the case was reassigned to the undersigned. However, all deadlines

1  Defendants request the Court deny the motion as untimely. ECF No. 184 at 2. While Plaintiff's motion is untimely, the parties' motions in limine have been pending for over six months and Defendants were able to file their opposition after the deadline. As the motion has been fully briefed and the Court's preference is to resolve motions on the merits, the Court will consider Plaintiff's motion. However, the Court admonishes Plaintiff that going forward he must comply with all court deadlines and may be subject to sanctions for failure to do so in the future.

As their expert witness, Defendants state Mr. Zwickey "will testify in connection with police policy and procedure, as well as the applicable standard of care for a police officer in a situation such as gives rise to the present lawsuit." J. Pretrial Conf. Statement. at 24, ECF No. 168. Specifically, they expect him to testify about Defendant Fredstrom's decision to transport Plaintiff "to Santa Rita Jail for booking prior to citing and releasing [him], as opposed to citing and releasing" Plaintiff from the Newark Police Department, and that this decision "was correct as a matter of law, was a proper exercise of discretion by FREDSTROM and was consistent with Newark Police Department policy." *Id.* at 24-25.

The sole reason Plaintiff seeks to exclude Mr. Zwickey's testimony is he expects he will "provide no other testimony except his opinions about matters of law." ECF No. 183 at 1. Focusing on Defendants' statement that Mr. Zwickey intends to testify that Fredstrom's decision "was correct as a matter of law," Plaintiff argues "[i]nstructing the jury on matters of law is the exclusive domain of the trial judge and for this reason, Mr. Zwickey must be excluded as an expert witness." *Id.* at 1.

Under Federal Rule of Evidence 702, where "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto." There are three basic requirements that must be met before expert testimony can be admitted: "(1) the subject matter at issue must be beyond the common knowledge of the average layman; (2) the witness must have sufficient expertise; and (3) the state of the pertinent art or

---

remain unchanged. *See* ECF No. 187.

scientific knowledge permits the assertion of a reasonable opinion." *United States v. Finley*, 301 F.3d 1000, 1007 (9th Cir. 2002).

While expert testimony is not objectionable just because it embraces an ultimate issue, *see* Fed. R. Evid. 704(a), "an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law." *United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017) (emphasis in original) (citing *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004)). However, an expert may testify to an ultimate issue of fact. *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 557 (C.D. Cal. 2014) (citing *Mukhtar v. California State Univ.*, 299 F.3d 1053, 1066 n.10 (9th Cir. 2002). "For fact issues, an expert can say that he assumed that such-and-such was the case and, on the facts so assumed, reached a given opinion." *Chien Van Bui v. City & Cty. of San Francisco*, 2018 WL 1057787, at *3 (N.D. Cal. Feb. 27, 2018). Experts can also be posed hypothetical questions that assume facts. *Id.* Defendants concede that experts may not testify as to ultimate issues of law. Opp'n at 3, ECF No. 184.

With this standard in mind, the Court finds Mr. Zwickey's testimony is admissible to "help the trier of fact to understand the evidence or to determine a fact in issue." *Diaz*, 876 F.3d 1196 (citing Fed. R. Evid. 702(a)). He may offer his expert opinions in connection with the facts of this case, based on his training and experience. *See In re ConAgra Foods*, 302 F.R.D. at 550 ("In the Ninth Circuit, an expert may be qualified to offer a particular opinion either as a result of practical training or academic experience.") (citing *Thomas v. Newton Int'l Enters.*, 42 F.3d 1266, 1269 (9th Cir. 1994)). For example, Mr. Zwickey could "conclude—based on specified factual assumptions and posited rules—that a 'reasonable officer' could choose certain courses of conduct." *Chien Van Bui*, 2018 WL 1057787, at *3. However, Mr. Zwickey may not testify that Officer Fredstrom himself acted reasonably, as that is a legal conclusion that goes to an ultimate issue of law. *See id.*

Accordingly, Plaintiff's motion to exclude the expert testimony of Jared Zwickey is **DENIED**.

**B. Plaintiff's Motion re Cite and Release (ECF No. 199)**

On October 12, 2018, Plaintiff filed a motion requesting the Court "rule that the defendants

had no legal right to transport plaintiff to the Newark police basement office following the arrest because prior to any transport described in the complaint and other court filings, the defendants had already determined that plaintiff was eligible for cite and release while plaintiff was handcuffed at the location of arrest." ECF No. 199 at 3. Defendants object to Plaintiff's motion as untimely. ECF No. 197.

As stated above, the Court's preference is to resolve motions on the merits. However, the Court denies this motion for two reasons. First, Plaintiff filed this motion over seven months after the deadline for filing motions in limine, far more than the eight-day delay in filing his motion to exclude Mr. Zwickey's testimony. Further, after this case was reassigned, the Court held a Case Management Conference on September 27, 2018, and Plaintiff made no mention of his desire to file this motion. Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." In applying this "good cause" standard, courts "'primarily consider[ ] the diligence of the party seeking the amendment.'" *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Here, Plaintiff has not shown why he was unable to file this motion by March 8, 2018, let alone why he was unable to file it until more than seven months after the deadline.

Second, this motion is not a motion in limine at all, since it does not seek to admit or exclude any evidence at trial. Instead, the motion seeks a legal determination that the Defendants had no right to transport Plaintiff to the Newark police basement office following his arrest. The motion's legal argument rests on several factual assertions concerning the facilities available to the Newark police. This is really a motion for partial summary judgment, filed more than 20 months after the deadline (*see* ECF No. 84) and without any evidence to support it, contrary to Federal Rule of Civil Procedure 56(c)(1).

Accordingly, Plaintiff's motion is **DENIED**.

**C.    Defendants' Motion to Exclude Evidence of Prior Claims (ECF No. 173)**

Defendants seek to exclude "any reference, comment, introduction of evidence, either by way of documents or testimony, or interrogation of any witness concerning the question of

1  whether FREDSTROM or [the City of Newark] has had any prior claims filed against him or it."

2  ECF No. 173 at 1. Plaintiff does not oppose this motion. Accordingly, Defendants' motion to

3  exclude evidence pertaining to the existence of prior claims regarding Defendants is **GRANTED**.

### D. Defendants' Motion to Exclude Evidence of Insurance Coverage (ECF No. 174)

Defendants seek to exclude "any reference, comment, introduction of evidence, either by way of documents or testimony, or interrogation of any witness concerning the fact that Defendants may have insurance coverage for the damages that might be awarded by the jury for the remaining causes of action still pending before this Court." ECF No. 174 at 1. Plaintiff does not oppose this motion. Accordingly, Defendants' motion to exclude evidence pertaining to their potential insurance coverage is **GRANTED**.

### E. Defendants' Motion to Exclude Evidence of Rule 68 Offer of Compromise (ECF No. 175)

Defendants seek to exclude their January 17, 2018 Offer of Compromise under Federal Rule of Civil Procedure 68. ECF No. 175. Plaintiff does not oppose this motion. Accordingly, Defendants' motion to exclude evidence pertaining to their prior Rule 68 offer is **GRANTED**.

### F. Motion to Exclude Evidence Relating to Any Events on April 18, 2013 After Custody of Plaintiff was Transferred to Santa Rita Jail (ECF No. 176)

Defendants seek to exclude evidence regarding "any events that took place on April 18, 2013 after FREDSTROM transferred custody of HENNEBERRY to Alameda County at the Santa Rita Jail." ECF No. 176 at 1. Defendants note that, although Plaintiff initially sued Alameda County as a defendant in this action for claims arising out of events following the time Fredstrom transferred custody of Plaintiff to the Santa Rita Jail, those claims have already settled and Alameda County has been dismissed. *Id.* at 1-2. As such, Defendants argue any evidence pertaining to what may have happened after Fredstrom transferred custody to the Santa Rita Jail is irrelevant as neither Fredstrom nor the City of Newark "played any role in connection with, or had any control over, what may have happened to [Plaintiff] once he was in the custody of Santa Rita Jail." *Id.* at 2. Defendants also argue there is a "significant danger the jury will become embroiled with the[se] irrelevant facts," thereby prejudicing Defendants. *Id.* at 4.

Plaintiff opposes this motion, arguing it is relevant because Fredstrom "intended to chill plaintiff's First Amendment rights by holding plaintiff as his prisoner for four hours while transporting plaintiff to various locations in Alameda County in violation of Fredstrom's statutory and Constitutional duty to either field-cite plaintiff or transfer custody of plaintiff to jailers at the Fremont Police jail for cite-and-release." Opp'n at 2, ECF No. 194. Plaintiff maintains he will "prove at trial that the defendants' act of transferring custody of plaintiff to jailers at Santa Rita County Jail was punitive, and therefore intended to chill plaintiff's First Amendment rights." *Id.* Plaintiff also argues evidence related to the time after he was transferred to Santa Rita Jail is relevant because:

> 1) The Alameda County Sheriff will require significantly more time to cite and release misdemeanor suspects from Santa Rita County Jail than is required by jailers at the Fremont Police city jail.
>
> 2) The Alameda County Sheriff may not cite-and-release misdemeanor suspects that are transferred to their custody by local police departments due to the confusion or unspoken illegal agreements created by the simple act of a local police department transferring custody of a prisoner to the Sheriff's Department. The Sheriff's Department will at minimum be confused by the transfer of a misdemeanor suspect to their custody, often times believing that they have no duty to cite and release the suspect. Under these circumstances, by simply making the prisoner transfer, the local police making the prisoner transfer often lead the Sheriff's Department to believe that a suspect must be held for a court appearance, arrest warrant or some other reason. The Sheriff's Department will be lead to believe that a prisoner must be held instead of being cited and released because if a prisoner had the legal right to be cited and released, the prisoner would have been cited and released by the arresting agency.
>
> This was the case with plaintiff's excessive detention by the Sheriff's Department. The Sheriff's Department demanded plaintiff post $5,000 bail for his release. Plaintiff refused this illegal demand and was eventually released without posting bail. Also, the Sheriff's Department was preparing to move plaintiff to a housing unit at Santa Rita Jail on a Friday afternoon. If plaintiff had not made extraordinary efforts to mitigate damages, it's likely that plaintiff would have been held unlawfully and Unconstitutionally in Sheriff's Department custody in Dublin, CA until plaintiff was transported to court at the Fremont Hall of Justice for an appearance on the following Monday. Had plaintiff not calmly and repeatedly told several different Sheriff's deputies that he was, "Supposed to be cited and released from Fremont yesterday," it's a certainty plaintiff would

6

> have been held by the Sheriff's Department for a total of about five days, which is the amount of time needed to transport plaintiff to court on the Monday following the Thursday arrest. Despite his extraordinary efforts to be cited and released in a reasonable amount of time, plaintiff was held by the Sherriff's Department for 28.5 hours before being released. The defendants are well aware of these problems that are created when a prisoner that must be cited and released is transferred to the Sheriff's Department at Santa Rita County Jail.
>
> 3) The Fremont Police jail is located approximately one-mile from the location of the arrest, while Santa Rita Jail is located approximately 20 miles from the location of arrest. Defendant Fredstrom transported plaintiff to the significantly more distant booking facility in Dublin, CA for punitive reasons.

*Id.* at 2-3.

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." To prevail on a First Amendment retaliation claim, Plaintiff must show (1) Defendants' action "would chill or silence a person of ordinary firmness from future First Amendment activities" and (2) their "desire to cause the chilling effect was a but for cause of the [their] action." *Holland v. City of S.F.*, 2013 WL 968295, at *5 (N.D. Cal. Mar. 12, 2013) (quoting *Skoog v. Cty. of Clackamas*, 469 F.3d 1221, 1232 (9th Cir. 2006) (internal quotation marks and citation omitted)).

In its April 26, 2017 summary judgment order, the Court found there is "specific, nonconclusory evidence" Fredstrom was instructed to detain Plaintiff but not directed to arrest him, and that, "even after arresting Plaintiff, Fredstrom had the discretion to cite and release him from the Newark Police Station, but he made the decision not to do so and instead drove Plaintiff to be booked at the Fremont City Jail." Order re. Mot. for Summ. Judgment at 19, ECF No. 98. Given that Plaintiff alleges Fredstrom intended to chill his First Amendment rights in part by holding him for four hours while transporting him to various locations in Alameda County, and that Fredstrom specifically chose to transfer Plaintiff to Santa Rita Jail because he knew it would require significantly more time to cite and release him than at a jail closer to the incident, the Court finds this information is relevant. "[A] reasonable police officer would have understood that he could not exercise his discretion to book an individual in retaliation for that individual's

7

First Amendment activity." *Ford v. City of Yakima*, 706 F.3d 1188, 1190-91 (9th Cir. 2013) ("*Duran* [*v. City of Douglas, Arizona*, 904 F.2d 1372, 1375-78 (9th Cir. 1990)] clearly established that police officers may not use their authority to punish an individual for exercising his First Amendment rights, while *Skoog*[, 469 F.3d at 1235] clearly established that a police action motivated by retaliatory animus was unlawful, even if probable cause existed for that action. . . . While the precise issue of retaliatory booking and jailing has not been addressed in this Circuit, 'closely analogous preexisting case law is not required to show that a right was clearly established.'"). Thus, what happened to Plaintiff at Santa Rita Jail, and what Fredstrom knew about what would happen to Plaintiff there, has a tendency to make Plaintiff's claim more or less probable than it would be without the evidence.

Defendants also argue the evidence must be excluded on prejudicial grounds. Federal Rule of Evidence 403 permits a court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Defendants argue "the jury will become embroiled with [these] irrelevant facts" and "will become confused and erroneously [believe] that those facts are significant in some way, thereby prejudicing Defendants." ECF No. 176 at 4. But, as discussed above, these facts are relevant, and it is therefore up to the jury to decide whether they are significant. Therefore, the Court finds the probative value of this evidence is not substantially outweighed by a danger of unfair prejudice or confusion.

Accordingly, Defendants' motion to exclude evidence pertaining to any events that took place after custody of Plaintiff was transferred to Santa Rita Jail is **DENIED**.

**G. Motion to Exclude Evidence Relating to Any Events on April 18, 2013 Prior to the Time of, and Including, Plaintiff's Arrest (ECF No. 178)**

Defendants seek to exclude evidence regarding "any events that took place on April 18, 2013 at the Newark Chamber of Commerce luncheon leading up to FREDSTROM's subject April 18, 2013 arrest of HENNEBERRY, as well as concerning FREDSTROM's actual subject April 18, 2013 arrest of HENNEBERRY." ECF No. 178 at 1. Defendants argue this evidence is

irrelevant to the issue of whether Fredstrom desired to chill Plaintiff from engaging in future First Amendment activities and that, even if it were relevant, there is a "significant danger the jury will become embroiled with the irrelevant facts" surrounding the April 18, 2013 events at the Newark Chamber of Commerce luncheon leading up to Plaintiff's arrest, thereby prejudicing Defendants. *Id.* at 3-4.

Plaintiff opposes this motion as well, but does so in the same document as his opposition to Defendants' motion to exclude evidence pertaining to any events that took place after custody of Plaintiff was transferred to Santa Rita Jail. Opp'n, ECF No. 194. His opposition focuses almost exclusively on that motion, with only generalized arguments relating to this motion: "Plaintiff will prove at trial that the defendants' actions before, during and after the arrest were intended to chill plaintiff's First Amendment rights and therefore, these actions are relevant and should be presented to the jury." *Id.* at 2. Still, under Rule 401, the Court finds what happened prior to Plaintiff's arrest is relevant to his First Amendment claim.

In its April 26, 2017 summary judgment order, the Court found there is "specific, nonconclusory evidence that (1) Fredstrom knew Plaintiff from prior encounters at City Council and City Planning Meetings, where he had found Plaintiff 'very loud' and disruptive; (2) as a result of these past interactions, Fredstrom in fact recognized Plaintiff by name when he was dispatched to the Hilton Hotel during the Conference; [and] (3) Lawson instructed Fredstrom to detain Plaintiff, but he did not direct Fredstrom to arrest Plaintiff." Order re. Mot. for Summ. Judgment at 19. Further, removing an individual from a public meeting does not violate the individual's First Amendment rights, "provided the individual is sufficiently disruptive and is not removed because of his or her views." *Dehne v. City of Reno*, 222 Fed. App'x 560, 562 (9th Cir. 2007) (citing cases); *see also Acosta v. City of Costa Mesa*, 718 F.3d 800, 811 (9th Cir. 2013) (municipalities can enforce rules of decorum to remove citizens from city council meetings if attendee "actually" disturbs or impedes meeting). But here, the Court has already found "Plaintiff was not 'sufficiently disruptive' to warrant removal from a public meeting." Order re. Mot. for Summ. Judgment at 18. Thus, what happened to Plaintiff prior to his arrest has a tendency to make Plaintiff's claim more or less probable than it would be without the evidence.

Defendants also argue the evidence must be excluded on prejudicial grounds. Defendants again argue the jury will become "embroiled with the irrelevant facts" and "will become confused and erroneously believe that those facts are significant in some way, thereby prejudicing Defendants." ECF No. 178 at 4. But, as discussed above, these facts are not irrelevant, and it is therefore up to the jury to decide whether they are significant. Accordingly, the Court finds the probative value of this evidence is not substantially outweighed by a danger of unfair prejudice or confusion.

Accordingly, Defendants' motion to exclude evidence pertaining to any events that took place on April 18, 2013 at the Newark Chamber of Commerce luncheon leading up to and including Plaintiff's arrest is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 25, 2018

THOMAS S. HIXSON
United States Magistrate Judge