UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PATRICK HENNEBERRY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NEWARK, et al.,<br><br>Defendants. | Case No. 13-cv-05238-TSH<br><br>**ORDER RE: JOINT DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. No. 309 |

Pending before the Court is a discovery dispute regarding the testimony of Newark Police Captain Jolie Macias. ECF No. 309.

During a Pretrial Conference on April 14, 2022, Defendants notified the Court of a change in Defendants' witness list. ECF No. 308 at 8:14. According to Defendants, defense witness Newark Police Captain Chomnan Loth recently retired and, therefore, Defendants intended to replace Captain Loth with another witness to testify about Newark Police Department's policies and procedures.[1] ECF No. 308 at 8:12-25. Defense now seeks to call Newark Police Captain Jolie Macias. ECF No. 309.

Plaintiff requests leave to depose Captain Macias via Zoom or, in the alternative, exclusion of Captain Macias's testimony. ECF No. 309 at 4. Defendants oppose Plaintiff's request and argue reopening discovery is not justified, Captain Macias has comparable knowledge to Captain Loth, and Plaintiff is not prejudiced by the substitution of witnesses. ECF No. 309 at 4-9.

---

[1] On February 28, 2020, the Court found Captain Loth's proposed testimony regarding Newark Police Department's policies and procedures "admissible, but to the extent his testimony concerns questions of or opinion based on anything other than his own perception or based on specialized knowledge more appropriate for an expert, that testimony will be excluded." ECF No. 268 at 7-8.

1    The Court finds good cause to grant Plaintiff leave to depose Captain Macias.  Captain
2 Macias was not listed on Defendants' witness disclosures, and the Court agrees with Plaintiff that
3 proceeding to trial without an opportunity to depose Captain Macias would be prejudicial.  *See*
4 *Jones v. Brennan*, Case No. 18-cv-7569-HSG, 2021 WL 1897878, at *2 (N.D. Cal. Mar. 25, 2021)
5 (finding failure to disclose witness before trial "inherently prejudicial"); *cf. Mformation Techs.,*
6 *Inc. v. Research in Motion Ltd.*, Case No. 08-cv-4990-JW, 2012 WL 2339762, at *7 (N.D. Cal.
7 June 7, 2012) ("[T]he limited ability of Plaintiff to depose these witnesses prior to trial would
8 place Plaintiff at an unfair disadvantage if these witnesses are allowed to testify.")  Accordingly,
9 the Court **GRANTS** Plaintiff's request to depose Captain Macias over Zoom.  Given the limited
10 scope of Captain Macias's testimony, the deposition is limited to three hours.

**IT IS SO ORDERED.**

Dated: April 27, 2022

THOMAS S. HIXSON
United States Magistrate Judge

2