UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PATRICK HENNEBERRY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NEWARK, et al.,<br><br>Defendants. | Case No. 13-cv-05238-TSH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL**<br><br>Re: Dkt. No. 339 |

Pending before the Court is Plaintiff's Administrative Motion to Seal. ECF No. 339. Plaintiff seeks to seal portions of the trial transcript relating to a third-party witness's testimony that the Court found to be unfairly prejudicial, confusing to the jury, and inadmissible. *Id*. at 1-2. Defendants oppose Plaintiff's motion and argue Plaintiff's request is overbroad. ECF No. 347.

Motions to seal trial records are subject to the "compelling reasons" standard articulated by the Ninth Circuit in *Kamakana*. *See In re Electronic Arts, Inc*., 298 Fed.Appx.568, 570 (9th Cir. 2008) ("[T]he district court correctly concluded that the legal principles set forth in *Kamakana v. City and County of Honolulu* . . . control the decision whether to seal paragraph 6 of Trial Exhibit 80 from public access."); *United States v. Chen*, 2022 WL 2789557, at *1 (N.D. Cal. July 14, 2022) ("Trial records, of course, are 'more than tangentially related to the merits of a case' and are thus subject to the 'compelling reasons' standard.") (internal citation omitted). In *Kamakana*, the Ninth Circuit held that the party seeking to seal must "articulate[ ] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'" *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1178-79 (9th Cir. 2006) (internal citations omitted). "In turn, the court must 'conscientiously balance[ ] the competing interests' of the

1  public and the party who seeks to keep certain judicial records secret.  After considering these
2  interests, if the court decides to seal certain judicial records, it must 'base its decision on a
3  compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or
4  conjecture.'" *Id*. at 1179 (internal citation omitted).

5        The Court finds Plaintiff has articulated compelling reasons and facts justifying the sealing
6  of certain portions of the trial transcript.  Notably, the portions that Plaintiff seeks to seal involve
7  evidence relating to a third-party witness that the Court found to be unfairly prejudicial and
8  confusing to the jury under Federal Rule of Evidence 403.  *See Pryor v. City of Clearlake*, 2012
9  WL 2711032, at *1-2 (N.D. Cal. July 6, 2012) ("[T]he personnel information they request to seal
10 here is inadmissible as irrelevant and prejudicial. The information is irrelevant . . . there are
11 compelling reasons to seal the personnel information here."); *cf. Epic Games, Inc. v. Apple Inc*.,
12 2021 WL 1907755, at *1 (N.D. Cal. May 12, 2021) ("The Court understands that the standard is
13 more lenient when the information concerns third parties, but this is not dispositive.").  The public
14 has an interest in understanding the judicial process.  However, because portions of the trial
15 transcript contain unfairly prejudicial and confusing evidence, which the Court found to be
16 inadmissible outside the presence of the jury, the Court **GRANTS IN PART** Plaintiff's motion to
17 seal and seals the following portions of Trial Transcript, Volume 2: page 338:7–8 and 11, pages
18 339:11–341:3, page 341:8-17, pages 342:24-343:3, and page 343:8-16.  The remainder of the
19 motion is **DENIED** because it consists of the argument of counsel and the reasoning of the Court
20 and does not contain the unfairly prejudicial material.

21       **IT IS SO ORDERED.**

23 Dated: November 16, 2022

THOMAS S. HIXSON
United States Magistrate Judge

2