UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PATRICK HENNEBERRY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF NEWARK, et al.,<br><br>　　　　Defendants. | Case No. 13-cv-05238-TSH<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL WITH CONDITIONS**<br><br>Re: Dkt. No. 368 |

## I.　INTRODUCTION

Counsel from Durie Tangri LLP, appointed by this Court to represent Plaintiff John Henneberry, has filed a motion to withdraw as counsel. ECF No. 368. No opposition has been filed. The Court finds this matter suitable for disposition without oral argument and **VACATES** the January 19, 2023 hearing. *See* Civ. L.R. 7-1(b). Having considered the record in this case and relevant legal authority, the Court **GRANTS** the motion for the following reasons.

## II.　BACKGROUND

On October 25, 2018, Mr. Henneberry accepted the Court's offer to refer this matter to the Federal Pro Bono Project, run by the Justice & Diversity Center of the Bar Association of San Francisco. ECF No. 201. On November 1, 2018, the Court appointed Durie Tangri as pro bono counsel. ECF No. 204. By that point in the case, the Court had issued rulings on summary judgment and motions in limine, and the parties and the Court were in the process of scheduling trial.

In mid-2019, the Supreme Court issued its decision in *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019), and the Court ordered Defendants to file a renewed motion for summary judgment. ECF No. 223. The parties filed their respective papers, and on September 4, 2019, the Court denied

1  Defendants' renewed motion. ECF No. 232. Later that month, trial was set for March 16, 2020.
2  ECF No. 234. However, on March 11, 2020, less than a week before trial, the Court vacated the
3  March 16 trial date due to the COVID-19 pandemic. ECF No. 279. Trial was then set for May 9,
4  2022. On May 7, 2022, two days before trial, the Court vacated the May 9 trial date due to
5  Plaintiff's counsel's testing positive for COVID-19. ECF Nos. 317 & 318. The case was
6  ultimately tried November 8, 2022 to November 10, 2022, when the parties delivered closing
7  arguments. On November 14, 2022, the Court declared a mistrial due to the jury being
8  deadlocked. ECF No. 349.

Durie Tangri filed the present motion on December 6, 2022, stating it "believes that alternate representation may be better able to effectuate Mr. Henneberry's goals." Mot. at 3.

### III. LEGAL STANDARD

The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record if: (1) written notice has been given reasonably in advance to the client and all other parties in the action; and (2) the attorney obtains leave of Court. Civ. L.R. 11-5(a). The conduct of counsel, including seeking leave to withdraw from a case, is governed by the standards of professional conduct required of members of the State Bar of California. Civ. L.R. 11-4(a)(1); *see Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal).

"Courts consider several factors when considering a motion for withdrawal, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Atkins v. Bank of Am., N.A.*, 2015 WL 4150744, at *1 (N.D. Cal. July 9, 2015) (citing *Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010)). "When addressing a motion to withdraw, the consent of the client is not dispositive." *Robinson v. Delgado*, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (citing *CE Resource, Inc. v. Magellan Group, LLC*, 2009 WL 3367489, at *2 (E.D. Cal. Oct.14, 2009)). Instead, the decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).

1     Before withdrawal is permitted, counsel must comply with California Rule of Professional
2  Conduct 1.16(d), which provides that withdrawal is not permitted until the member has taken steps
3  to avoid reasonably foreseeable prejudice to the rights of the client, including giving sufficient
4  notice to the client to allow time for employment of other counsel, complying with Rule 1.16(e)
5  (regarding the return of all client materials and property), and complying with all other applicable
6  laws and rules. *El Hage v. U.S. Sec. Assocs., Inc.*, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10,
7  2007). Further, "[w]hen withdrawal by an attorney from an action is not accompanied by
8  simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to
9  withdraw may be subject to the condition that papers may continue to be served on counsel for
10 forwarding purposes . . . unless and until the client appears by other counsel or pro se." Civ. L.R.
11 11-5(b).

## IV.   DISCUSSION

Based on the record in this case, the Court finds good cause exists to permit withdrawal. As pro bono counsel, Durie Tangri has invested considerable time and resources in this matter. Over four years ago, Durie Tangri was appointed as counsel for Mr. Henneberry after the Court had ruled on dispositive motions and motions in limine. Since being appointed, Durie Tangri has prepared fully for trial three separate times: first in March 2020, before trial was continued less than a week before jury selection due to COVID-19; second in May 2022, before trial was continued due to Plaintiff's counsel's testing positive for COVID-19; and third in November 2022, when a three-day trial ended in a hung jury. Durie Tangri now states it believes alternate representation may be better able to effectuate Mr. Henneberry's goals in this case. Under California Rule of Professional Conduct 1.16(b)(10), withdrawal is permitted if the lawyer believes in good faith that the tribunal will find the existence of good cause for withdrawal.

The Court recognizes that Durie Tangri's withdrawal potentially may leave Mr. Henneberry without an attorney, and the Pro Bono Project has informed the Court that it does not have the resources to place a case more than once. This alone does not provide grounds for denying Durie Tangri's motion to withdraw. *See Hunter v. Sokoloff*, 2019 WL 5655013, at *3 (N.D. Cal. Oct. 31, 2019) (permitting Durie Tangri's withdrawal of pro bono representation where

3

1  a breakdown in the attorney-client relationship occurred, even though the plaintiff might not be
2  able to secure further representation); *Max v. Hernandez*, 2007 WL 2990086, at *1 (S.D. Cal. Oct.
3  11, 2007) (finding that "counsel became involved in this case upon request from the San Diego
4  Volunteer Lawyers Program, and it is doubtful whether Plaintiff, a state prisoner, will be able to
5  secure further representation" but granting counsel's motion to withdraw and finding that
6  "Plaintiff will not be unduly prejudiced if he has to proceed pro se. Numerous state prisoners
7  represent themselves in section 1983 actions in this court."). The Court also recognizes that
8  pretrial matters, including discovery and dispositive motions, are now closed, and all that remains
9  is to schedule a new trial. However, courts have permitted counsel to withdraw in similar
10 circumstances despite the close proximity of trial. *See Hunter*, 2019 WL 5655013, at *3; *Anhing
11 Corp. v. Thuan Phong Co. Ltd.*, 2014 WL 12591456, at *1–2 (C.D. Cal. Dec. 2, 2014) (granting
12 counsel's motion to withdraw where the attorney-client relationship had broken down, despite trial
13 being scheduled to begin less than two months after counsel first moved to withdraw and only two
14 weeks after the court granted the motion to withdraw) (collecting cases).

15 Finally, the Court finds Durie Tangri has complied with the requirements of Civil Local
16 Rule 11-5(a) and the California Rules of Professional Conduct because counsel provided
17 reasonable advance notice to Mr. Henneberry of their intention to withdraw as counsel of record
18 and provided him time to obtain substitute counsel. *See Hunter*, 2019 WL 5655013, at *3 (finding
19 counsel "took steps to avoid reasonably foreseeable prejudice to Mr. Hunter's rights by notifying
20 him nearly two months ago that it would not be willing to litigate the matter given Mr. Hunter's
21 instructions, providing him with all of his case-related materials, and giving him time to file a
22 written opposition to its motion."); *Steshenko v. McKay*, 2014 WL 4352086, at *2 (N.D. Cal. Sept.
23 2, 2014) (finding counsel took reasonable steps to avoid prejudice by properly noticing its motion
24 to withdraw, providing the plaintiff with all case-related material, allowing the plaintiff time to
25 respond to the motion, and noticing a hearing where the plaintiff could be heard).

## V. CONCLUSION

27 For the reasons stated above, the Court **GRANTS** Durie Tangri's Motion to Withdraw as
28 Counsel for Plaintiff John Henneberry. However, because Mr. Henneberry has not consented to

1  the withdrawal and no substitution of counsel has been filed on his behalf, the motion is granted
2  on the condition that Durie Tangri remain counsel of record to forward all filed documents from
3  the parties or the Court on Mr. Henneberry until (1) he files a notice that he will be representing
4  himself and providing an address for service of process or (2) a substitution of counsel is filed.
5  *See* Civ. L.R. 11-5(b).  For all such documents, Durie Tangri shall file proof of service within
6  three business days of filing.  The Court **VACATES** the January 19, 2023 trial scheduling
7  conference, which will be rescheduled after Mr. Henneberry files a notice that he intends to
8  represent himself or a substation of counsel.

As Mr. Henneberry is now proceeding pro se, the Court directs his attention to the Handbook for Litigants Without a Lawyer, which is available at the Clerk's Office or online at http://cand.uscourts.gov/prosehandbk.

**IT IS SO ORDERED.**

Dated: December 21, 2022

THOMAS S. HIXSON
United States Magistrate Judge