DANIELLE K. LEWIS (SBN 218274)
dlewis@hpylaw.com
SUZANNE RISCHMAN (SBN 124421)
srischman@hpylaw.com
HAWKINS PARNELL & YOUNG, LLP
33 New Montgomery, Suite 800
San Francisco, CA 94105-4537
Telephone:   415.766.3200
Facsimile:   415.766.3250

Attorneys for Defendants
CITY OF NEWARK and KARL FREDSTROM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JOHN PATRICK HENNEBERRY, | Case No. 13-CV-05238 TSH |
| --- | --- |
| Plaintiff, | ORDER RE DEFENDANTS' RESPONSES TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' COUNTER-DESIGNATIONS OF TRIAL TESTIMONY OF MICHAEL ALLUM |
| v. | |
| CITY OF NEWARK, et al., | |
| Defendants. | Trial Date: April 15, 2024<br>Time: 10:00 a.m.<br>Judge: Hon. Thomas A. Hixson<br>Ctrm.: D |

Defendants City of Newark and Karl Fredstrom hereby submit the following responses to Plaintiff's objections to Defendants' counter-designations of Michael Allum's trial testimony.

| Defendants' Counter - Designation | Plaintiff's Responses | Defendants' Responses | Ruling |
| --- | --- | --- | --- |
| 310:17 – 311:16 | Relevance Assumes facts not in evidence. | This designation meets the threshold for evidence under Federal Rule of Evidence 401. Evidence is relevant if it has a tendency to make a fact of consequence more or less probable than it would be without | ☐ Sustained<br>☑ Overruled<br>☐ Obj.W/D<br>☐ Desig.W/D |

---

DEFENDANTS' RESPONSES TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' COUNTER-
DESIGNATIONS OF TRIAL TESTIMONY OF MICHAEL ALLUM
13-CV-05238 TSH

| Defendants' Counter - Designation | Plaintiff's Responses | Defendants' Responses | Ruling |
|---|---|---|---|
| | | that evidence. FRE 401.<br><br>This testimony goes to the witness' knowledge of the Defendant and his role at Newark Police Department. Also goes to the witness' credibility. | |
| 313:3-21 | Relevance<br>Speculation<br>Lack of personal knowledge<br>Assumes facts not in evidence | This designation meets the threshold for evidence under Federal Rule of Evidence 401. Evidence is relevant if it has a tendency to make a fact of consequence more or less probable than it would be without that evidence. FRE 401.<br><br>Plaintiff's designations put Mr. Allum's interactions with Sergeant Arguello at issue. This designation relates to Mr. Allum's relationship with Sergeant Arguello, and to Mr. Allum's knowledge of the matters in which he previously testified to.<br><br>He has personal knowledge and firsthand experience on this topic which qualifies him to answer the question. FRE 602. | ☐ Sustained<br>☑ Overruled<br>☐ Obj.W/D<br>☐ Desig.W/D |
| 314:3 – 316:8 | Vague<br>Relevance<br>Assumes facts not in evidence. | This testimony meets the threshold for evidence under Federal Rule of Evidence 401. Evidence is relevant if it has a tendency to make a fact of consequence more or less probable than it would be without that evidence. FRE 401.<br><br>Plaintiff's designations reference Mr. Allum's knowledge of police work and contend he is qualified to provide testimony. This testimony shows Mr. Allum's job | ☐ Sustained<br>☑ Overruled<br>☐ Obj.W/D<br>☐ Desig.W/D |

| Defendants' Counter-Designation | Plaintiff's Responses | Defendants' Responses | Ruling |
|---|---|---|---|
| | | duties included the matters he is providing testimony on, including his personal experience with arrests, citizen complaints. booking, officer discretion, following orders. | |
| 316:19 – 321:11 | Relevance Assumes facts not in evidence. Speculation – 320:2-6 | This testimony meets the threshold for evidence under Federal Rule of Evidence 401. Evidence is relevant if it has a tendency to make a fact of consequence more or less probable than it would be without that evidence. FRE 401.<br><br>Plaintiff's designations reference Mr. Allum's knowledge of police work and contend he is qualified to provide testimony. This testimony shows Mr. Allum's job duties included the matters he is providing testimony on, including his personal experience with arrests, transportation of arrestees, booking process, chain of command. | ☐ Sustained<br>☑ Overruled<br>☐ Obj.W/D<br>☐ Desig.W/D |
| 331:3-5 | Speculation Lack of personal knowledge | Mr. Allum is speaking from his own personal knowledge. Therefore, this meets the requirements of FRE 602. | ☐ Sustained<br>☑ Overruled<br>☐ Obj.W/D<br>☐ Desig.W/D |
| 333:22-336:4 | Argumentative Relevance Assumes facts not in evidence. Speculation. | This testimony meets the threshold for evidence under Federal Rule of Evidence 401. Evidence is relevant if it has a tendency to make a fact of consequence more or less probable than it would be without that evidence. FRE 401.<br><br>Here, Mr. Allum's testimony is related to his conversation in which he is testifying to. Therefore, these questions are directly related to the substance | ☐ Sustained<br>☑ Overruled<br>☐ Obj.W/D<br>☐ Desig.W/D |

| Defendants' Counter-Designation | Plaintiff's Responses | Defendants' Responses | Ruling |
|---|---|---|---|
| | | of his testimony for his interaction with Defendant Fredstrom.<br><br>He is also speaking from his own firsthand knowledge, which meets the requirements of FRE 602. | |

DATED: April 12, 2024

HAWKINS PARNELL & YOUNG LLP

By: */s/ Danielle K. Lewis*
   DANIELLE K. LEWIS
   SUZANNE E. RISCHMAN
   Attorneys for Defendants
   CITY OF NEWARK and KARL FREDSTROM

April 15, 2024

IT IS SO ORDERED.

Hon. Thomas S. Hixson
U.S. Magistrate Judge