UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PATRICK HENNEBERRY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NEWARK, et al.,<br><br>Defendants. | Case No. 13-cv-05238-TSH<br><br>**ORDER RE JURY INSTRUCTION 16**<br><br>Re: Dkt. No. 434, 443 |

The parties have a dispute about Jury Instruction No. 16 that the Court used in the previous trial (which ended in a mistrial after a hung jury). Plaintiff proposes that the Court model the instruction, for the most part, on Ninth Circuit Model Jury Instruction No. 9.11, as it was revised in December 2023. The Court will follow the model instruction, with the addition of the statement that the Court has found that on April 18, 2013, Officer Fredstrom lawfully arrested Mr. Henneberry with probable cause, for trespassing in violation of California law. This additional statement is necessary for the jury to understand that the arrest is not at issue in this trial.

Accordingly, the relevant instruction (which will likely numbered 15) will read as follows:

> As previously explained, Mr. Henneberry has the burden of proving that the acts of Officer Fredstrom deprived him of his rights under the United States Constitution. In this case, Mr. Hennebery alleges that Officer Fredstrom deprived him of his rights under the First Amendment to the Constitution in the events that occurred on April 18, 2013.
>
> Under the First Amendment, a citizen has the right to free expression. In order to prove Officer Fredstrom deprived Mr. Henneberry of this First

1  Amendment right, Mr. Henneberry must prove the following additional elements
2  by a preponderance of the evidence:
3      1) Mr. Henneberry engaged in activity protected under the First
4  Amendment;
5      2) Officer Fredstrom took action against Mr. Henneberry that would chill a
6  person of ordinary firmness from continuing to engage in the protected activity;
7  and
8      3) Mr. Henneberry's protected activity was a substantial or motivating
9  factor for Officer Fredstrom's conduct.

11  A substantial or motivating factor is a significant factor, though not
12  necessarily the only factor.

14  If Mr. Henneberry establishes each of the foregoing elements, the burden
15  shifts to Officer Fredstrom to prove by a preponderance of the evidence that he
16  would have taken the action(s) in question, even in the absence of any motive to
17  retaliate against Mr. Henneberry.  If you find that Officer Fredstrom is able to
18  demonstrate this, you must find for the defendant.  If you find that Officer
19  Fredstrom is not able to demonstrate this, you must find for the plaintiff.

21  The Court has found that on April 18, 2013, Officer Fredstrom lawfully
22  arrested Mr. Henneberry with probable cause, for trespassing in violation of
23  California law.

25  Plaintiff also proposes to include the following language in the instruction: "Retaliatory
26  intent may still be one substantial or motivating factor for retaliatory conduct even if other, non-
27  retaliatory reasons exist.  Mr. Henneberry need not prove that his speech was actually inhibited or
28  suppressed."  This language is not in the model instruction, and the Court declines to include it.

The first sentence is duplicative of the language in the model instruction that "[a] substantial or motivating factor is a significant factor, though not necessarily the only factor." The second sentence is unnecessary because the model instruction already clearly states the required element that the defendant's actions against the plaintiff would chill a person of ordinary firmness from continuing to engage in the protected activity.

**IT IS SO ORDERED.**

Dated: April 17, 2024

THOMAS S. HIXSON
United States Magistrate Judge