UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PATRICK HENNEBERRY,<br><br>  Plaintiff,<br><br>v.<br><br>CITY OF NEWARK, et al.,<br><br>  Defendants. | Case No. 13-cv-05238-TSH<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**<br><br>Re: Dkt. No. 465 |

## I.   INTRODUCTION

The Veen Firm, LLP and its attorneys, appointed by this Court to represent Plaintiff John Henneberry, seek to withdraw as counsel of record. ECF No. 465. No opposition has been filed. The Court finds this matter suitable for disposition without oral argument and **VACATES** the June 6, 2024 hearing. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court **GRANTS** the motion.

## II.   BACKGROUND

On June 13, 2023, the Court appointed The Veen Firm as pro bono counsel for Mr. Henneberry "for all purposes for the duration of the case." ECF No. 395. By that point, pretrial matters were closed, and the case was tried from April 15 to April 18, 2024. On April 19 the jury delivered a unanimous verdict and the Court entered a final judgement in favor of Defendants City of Newark and Karl Fredstrom in accordance with the jury's verdict. ECF No. 456. Under Federal Rule of Appellate Procedure 4(a)(1)(A), Mr. Henneberry has 30 days to exercise his right to file an appeal, which in this case would be May 19, 2024.

The Veen Firm filed the present motion on April 30, 2024. Given the impending appeal deadline, it subsequently filed a motion to expedite briefing on their motion pursuant to Federal

1    Rule of Civil Procedure 6(c)(1)(C). ECF No. 469. The Court granted the motion to expedite and
2    ordered that any opposition to the motion to withdraw be filed by May 9, 2024. ECF No. 471.
3    The Court also ordered The Veen Firm to serve that order on Mr. Henneberry and file proof of
4    service thereafter. On May 7 The Veen Firm served Mr. Henneberry with a copy of the order by
5    mail and email. ECF No. 472. Elinor Leary of The Veen Firm, who has represented Mr.
6    Henneberry in this matter, also spoke with him by phone that day, read to Mr. Henneberry
7    verbatim the Court's order, and explained that if he intends to file an opposition to the motion to
8    withdraw, it must be filed by May 9. Leary Decl. ¶ 4, ECF No. 473. Ms. Leary then sought to
9    determine whether Mr. Henneberry intended to file an opposition to the motion to withdraw, and
10   she states "I am informed and believe that Mr. Henneberry does not oppose The Veen Firm's
11   motion to withdraw, and does not intend to file an opposition to it." *Id.*

### III. LEGAL STANDARD

Civil Local Rule 11–5(a) provides that "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case." The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). When addressing a motion to withdraw, the consent of the client is not dispositive. *Robinson v. Delgado*, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010)). Rather, the court must consider factors such as the reason counsel seeks to withdraw, the possible prejudice caused to the litigants, and the extent to which withdrawal may delay resolution of the case. *Id.*

Additionally, Civil Local Rule 11–4(a)(1) mandates compliance with the standards of professional conduct required of members of the State Bar of California. *See also Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). Counsel must take steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving sufficient notice to the client to allow time for employment of other counsel, complying with Rule of Professional Conduct 1.16(e) (regarding the return of all client materials and property), and complying with all other applicable laws and rules. *El Hage v.*

2

*U.S. Sec. Assocs., Inc.*, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007).

## IV. DISCUSSION

Based on the record in this case, the Court finds good cause exists to permit withdrawal. First, as pro bono counsel, The Veen Firm has invested considerable time and resources in this matter. Counsel prepared for and represented Mr. Henneberry through the trial, after which judgment was entered on April 19. The Veen Firm now "believes that alternate representation will be better able to effectuate Mr. Henneberry's future goals with regard to this matter." Mot. at 4. The Court may permit withdrawal if counsel believes that good cause exits for withdrawal. *See* Cal. Rule of Professional Conduct 1.16(b)(10); *see also Henneberry v. City of Newark*, 2022 WL 17836597, at *2 (N.D. Cal. Dec. 21, 2022) (granting under Rule 1.16(b)(10) motion to withdraw brought by Mr. Henneberry's previously appointed counsel, Durie Tangri, where it "believe[d] that alternate representation may be better able to effectuate Mr. Henneberry's goals").

Second, although the Court's appointment order was "for all purposes for the duration of the case," The Veen Firm and its attorneys have informed the Court that they do not specialize in appellate law or routinely practice at the appellate level. ECF No. 469 at 3. As noted above, Mr. Henneberry must file any notice of appeal by May 19. If the Court were to deny The Veen Firm's motion, it could prejudice Mr. Henneberry's right to preserve his right to appeal as it will force The Veen Firm to handle appellate matters when they have represented that they do not routinely do so.

Third, although Mr. Henneberry has not filed a response, The Veen Firm represents that he has informed them on at least two occasions either that he was not opposed to their intent to file a motion to withdraw or that he would not oppose such a motion. Following the jury verdict, they state that Mr. Henneberry informed counsel that he was not opposed to them filing a motion to withdraw. Sinaj Decl. ¶ 4, ECF No. 470. And, based on her May 7 telephone call with him, Ms. Leary attests that "Mr. Henneberry does not oppose The Veen Firm's motion to withdraw, and does not intend to file an opposition to it." Leary Decl. ¶ 4.

Finally, the Court finds The Veen Firm has complied with the requirements of Civil Local Rule 11-5(a) and the California Rules of Professional Conduct by providing reasonable advance

1  notice to Mr. Henneberry of their intention to withdraw and providing him time to obtain
2  substitute counsel. *See Hunter v. Sokoloff*, 2019 WL 5655013, at *3 (N.D. Cal. Oct. 31, 2019);
3  *Steshenko v. McKay*, 2014 WL 4352086, at *2 (N.D. Cal. Sept. 2, 2014) (finding counsel took
4  reasonable steps to avoid prejudice by properly noticing its motion to withdraw, providing the
5  plaintiff with all case-related material, allowing the plaintiff time to respond to the motion, and
6  noticing a hearing where the plaintiff could be heard).

7  The Court recognizes that The Veen Firm's withdrawal potentially may leave Mr.
8  Henneberry without an attorney, but this alone does not provide grounds for denying the motion.
9  *See Hunter*, 2019 WL 5655013, at *3 (permitting withdrawal of pro bono representation where a
10 breakdown in the attorney-client relationship occurred, even though the plaintiff might not be able
11 to secure further representation); *Max v. Hernandez*, 2007 WL 2990086, at *1 (S.D. Cal. Oct. 11,
12 2007) (granting pro bono counsel's motion to withdraw, even though it was "doubtful" the
13 plaintiff would be able to secure further representation, finding he "will not be unduly prejudiced
14 if he has to proceed pro se."); *Henneberry*, 2022 WL 17836597, at *2 (granting motion to
15 withdraw brought by Mr. Henneberry's previously appointed counsel where it was not clear if a
16 replacement could be found); *Anhing Corp. v. Thuan Phong Co. Ltd.*, 2014 WL 12591456, at *1–2
17 (C.D. Cal. Dec. 2, 2014) (granting counsel's motion to withdraw where the attorney-client
18 relationship had broken down, despite trial being scheduled to begin less than two months after
19 counsel first moved to withdraw and only two weeks after the court granted the motion to
20 withdraw) (collecting cases).

21 In sum, the Court finds good cause exists to permit The Veen Firm to withdraw from its
22 representation of Mr. Henneberry.

### V.   CONCLUSION

24 For the reasons stated above, the Court **GRANTS** The Veen Firm's Motion to Withdraw
25 as Counsel for Plaintiff John Henneberry. However, because no substitution of counsel has been
26 filed on Mr. Henneberry's behalf, the motion is granted on the condition that The Veen Firm

1  remain counsel of record to forward all documents filed in this matter[1] on Mr. Henneberry until
2  (1) he files a notice that he will be representing himself and providing an address for service of
3  process or (2) a substitution of counsel is filed.  *See* Civ. L.R. 11-5(b).  For all such documents,
4  The Veen Firm shall file proof of service within two business days of filing.
5        **IT IS SO ORDERED.**

7  Dated: May 10, 2024

                                    THOMAS S. HIXSON
                                    United States Magistrate Judge

---

[1] This requirement does not apply to any appeal Mr. Henneberry may choose to bring in the Ninth Circuit.