UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PATRICK HENNEBERRY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NEWARK, et al.,<br><br>Defendants. | Case No. 13-cv-05238-TSH<br><br>**ORDER RE: BILL OF COSTS**<br><br>Re: Dkt. No. 468 |

After judgment was entered in their favor, Defendants Karl Fredstrom and City of Newark submitted a bill of costs totaling $6,784.15. ECF No. 468. Plaintiff John Henneberry has filed an objection. ECF No. 479. Plaintiff does not dispute that Defendants are the prevailing parties. Instead, he requests the Court deny Defendants' costs because he is indigent and because this case involved important constitutional rights.

Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000). In view of this presumption, "it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1079 (9th Cir. 1999) (citation omitted).

Courts need not give reasons for abiding by the presumption to award costs. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). However, if a court declines to award costs to the prevailing party, it must explain "why, in the circumstances, it would be inappropriate

1     or inequitable to [do so]." *Ass'n of Mexican Am. Educators*, 231 F.3d at 593.  "Appropriate

2     reasons for denying costs include: (1) the substantial public importance of the case, (2) the

3     closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions,

4     (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties."

5     *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014) (citing *Ass'n of*

6     *Mexican-Am. Educators*, 231 F.3d at 592-93).  "This is not 'an exhaustive list of "good reasons"

7     for declining to award costs,' but rather a starting point for analysis."  *Id.* at 1248 (quoting *Ass'n of*

8     *Mexican-Am. Educators*, 231 F.3d at 593).

9             The Court finds it is appropriate to deny an award of costs because Plaintiff has established

10    that he is indigent.  *See Stanley*, 178 F.3d at 1080 ("Costs are properly denied when a plaintiff

11    'would be rendered indigent should she be forced to pay' the amount assessed.").  Plaintiff has

12    established that he is indigent and receives disability income and food stamps from the County.

13    Objection at 2; *see also* Application to Proceed In Forma Pauperis, ECF No. 477.  The Court has

14    already deemed him eligible for his litigation fees to be waived.  ECF No. 478.  As such, this

15    factor weighs in favor of disallowing costs.  *See M. M. v. Cty. of San Mateo*, 2020 WL 3251175, at

16    *2 (N.D. Cal. June 16, 2020) ("[I]f defendants were permitted to seek recovery of $9,483.65 in

17    costs against plaintiff, she would suffer tremendous financial hardship, and such award of costs

18    would likely render her indigent."); *Dudgeon v. Cty. of Sonoma*, 2021 WL 6091706, at *2 (N.D.

19    Cal. Dec. 23, 2021) (excusing payment of costs where plaintiff cited his family's limited financial

20    resources and his own inability to work).

21            Further, the Court finds that an award of costs for Defendants could chill future and

22    analogous civil rights litigation.  "Imposing high costs on losing civil rights plaintiffs of modest

23    means may chill civil rights litigation and the vindication of important rights under civil rights

24    laws."  *Lopez v. Nguyen*, 2017 WL 512773, at *3 (N.D. Cal. Feb. 8, 2017).  "Without civil rights

25    litigants who are willing to test the boundaries of our laws, we would not have made much of the

26    progress that has occurred in this nation since [*Brown v. Board of Education*]."  *Economus v. City*

27    *and County of San Francisco*, 2019 WL 3293292, at *3 (N.D. Cal. July 5, 2019) (citing *Stanley*,

28    178 F.3d at 1080), *report and recommendation adopted*, 2019 WL 3290761 (N.D. Cal. July 22,

United States District Court
Northern District of California

1  2019).  In similar circumstances where costs are sought against individuals of financially limited
2  means, the Ninth Circuit has upheld a district court's determination that disallowed such costs.
3  *See Escriba*, 743 F.3d at 1247-49 (affirming denial of costs of $13,958.16 where the plaintiff's
4  annual income was $11,622 because the amount in the context of the plaintiff's financial status
5  would present a "serious danger" of chilling future civil rights actions); *Draper v. Rosario*, 836
6  F.3d 1072, 1088 (9th Cir. 2016) (holding that an award of costs against an individual with
7  virtually no financial resources in the amount of $3,018.35 was an abuse of discretion because
8  such a large cost award could potentially chill similar civil rights lawsuits).  Plaintiff's case
9  involved constitutional claims related to his arrest and incarceration, including the First and Fourth
10 Amendments.  As such, the Court finds that awarding costs would discourage plaintiffs in
11 similarly situated financial circumstances from filing a case that involves an essential civil right.
12 *See Godoy v. Cty. of Sonoma*, No. 2016 WL 6663003, at *3 (N.D. Cal. Nov. 10, 2016)
13 (determining that plaintiffs "raised important issues regarding the potential use of excessive force
14 and retaliatory arrests against civil rights protestors by the Sonoma County Sheriffs' department");
15 *Lopez*, 2017 WL 512773, at *2 (finding that a section 1983 claim of excessive force by a law
16 enforcement officer "is an issue of substantial public importance"); *Tater-Alexander v. Amerjan*,
17 2011 WL 1740697, at *2 (E.D. Cal. May 3, 2011) (denying award of costs where plaintiff was
18 indigent and there was evidence to support his civil rights claims, including under the First
19 Amendment);

20  Accordingly, the Court exercises its discretion to excuse Plaintiff's obligation to pay
21 Defendants' request for costs.

22  **IT IS SO ORDERED.**

24 Dated: May 21, 2024

THOMAS S. HIXSON
United States Magistrate Judge

3